UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Fabian Tinsley,

      Petitioner,

v.                                 Civil Action No. 13-1899

United States of America,

      Respondent.

MEMORANDUM OPINION

    Petitioner, a District of Columbia prisoner at the Federal Correctional Institution in Fairton, New Jersey, has submitted *pro se* a document captioned Petition for Commitment While Serving Pursuant to D.C. Code § 24-502, and 18 U.S.C. § 4241, and an application to proceed *in forma pauperis*. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and will dismiss this action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

    Petitioner is serving a sentence imposed by the Superior Court of the District of Columbia following his guilty plea to one count of Kidnapping while Armed and one count of Aggravated Assault while Armed. *See* Pet. at 1; *United States v. Tinsley*, No. 2004 FEL 004393 (Super. Ct. Docket). Petitioner seeks in this action to enforce the sentencing judge's recommendation to place him in a psychiatric facility where he can "serve out the remaining seven to ten years" of his sentence. Compl. at 10; *see* Compl. Attach., July 12, 2005 Order at 1 n.2 ("The defendant's Judgment and Commitment Order already reflects the Court's recommendation that Mr. Tinsley be placed in a psychiatric facility."). Plaintiff states that "[i]t

is [] very clear that a commitment to Saint Elizabeth's [sic] Hospital . . . would be in [his] best interest[,] . . . as well as [] the public['s]." Compl. at 10.

As a general rule applicable here, a convicted prisoner has no constitutional right to be placed at a particular facility, see *Johnson v. U.S.*, 590 F. Supp. 2d 101, 109-10 (D.D.C. 2008) (citing, *inter alia*, *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983)), and the Bureau of Prisons, under the direction of the Attorney General, otherwise has discretion in deciding where to place a prisoner committed to its custody. See 18 U.S.C. § 3621 ("Imprisonment of a convicted person"), § 4042 ("Duties of Bureau of Prisons"). In addition, neither the federal statute petitioner invokes, 18 U.S.C. § 4241, nor the case he cites, *Bension v. Meredith*, 455 F. Supp. 662 (D.D.C. 1978), applies here because petitioner is not challenging a civil commitment. See *id.* (granting habeas petition of civil committee involuntarily detained at St. Elizabeths Hospital under the Federal Reservation Act, D.C. Code § 21-903(a) (1973)). To the extent that petitioner seeks hospitalization under 18 U.S.C. § 4245, governing that of "imprisoned person[s] suffering from mental disease or defect," a motion filed under that statute is properly heard by "the court for the district in which the [petitioner's] facility is located," § 4245(a), which for petitioner is the United States District Court for the District of New Jersey. A separate Order of dismissal accompanies this Memorandum Opinion.

_____
United States District Judge

Date: November 26, 2013